# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE MONIER, as an individual, | CASE NO. 17-cv-1929-WQH-BGS |
| Plaintiff, | |
| vs. | ORDER |
| THE UNITED STATES OF AMERICA, and Does 1-10, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant the United States of America. (ECF No. 4).

**I. Background**

Plaintiff Katie Monier's causes of action arising out of a vaccination administered to her at San Ysidro Health Center. *See* ECF No. 1-3 at 5, 6. On April 10, 2017, Monier filed a complaint in the Superior Court of California, County of San Diego, against Centro de Salud de la Comunidad de San Ysidro Inc. ("Centro") (ECF No. 1-3). On September 22, 2017, the United States of America removed the case to this Court and filed a Notice of Substitution of the United States of America as Defendant for Centro. (ECF Nos. 1, 2). On February 26, 2014, the United States filed the Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 4) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The docket reflects that Monier did not file a response to the Motion to Dismiss.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may attack the substance of the jurisdictional allegations even though the allegations are formally sufficient. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over its claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. Ruling of the Court

The United States contends that Monier never presented an administrative claim to the United States and therefore failed to comply with the jurisdictional prerequisites of an action brought under 42 U.S.C § 233. (ECF No. 4-1 at 2). The United States contends that, consequently, the Court lacks jurisdiction and Plaintiff's action must be dismissed. *Id.*

Pursuant to the Federal Tort Claims Act, a jurisdictional prerequisite to bringing a lawsuit in federal court against the United States in tort is the filing of an administrative claim with the appropriate federal agency. *Jerves v. United States*, 966 F.2d 517, 518-19 (9th Cir. 1992). Once the administrative claim has been filed, the federal agency has six months to act. 28 U.S.C. § 2675(a). The claimant can file a civil suit under the FTCA only after the agency either denies the claim in writing or fails to make a final disposition of the claim within six months after it is filed. *Id.* Thus, "'[t]he statutory procedure is clear.' A tort claimant may not commence proceedings in court against the United States without first filing . . . [a] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves*, 966 F.2d at 519 (quoting *Caton v. United States*, 495 F.2d 635, 638 (9th Cir.1974)).

A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). As a

general rule, a premature complaint cannot be cured through amendment; instead, the claimant must file a new suit. *Duplan v. U.S.*, 188 F.3d 1195, 1199 (10th Cir. 1999) (citing *Sparrow v. USPS*, 823 F. Supp. 252, 254-55 (E.D. Cal. 1993)). "Allowing claimants generally to bring new suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Duplan*, 188 F.3d at 1199.

Monier has not shown that she presented an administrative claim to the appropriate federal agency. Monier's action against the United States was premature and the Court does not have subject matter jurisdiction over Monier's claims. *See Jerves*, 966 F.2d at 519.

**IV. Conclusion**

IT IS HEREBY ORDERED that the United States' Motion to Dismiss (ECF No. 4) is GRANTED. Plaintiff's Complaint (ECF No. 1-3) is DISMISSED without Prejudice.

DATED: November 20, 2017

**WILLIAM Q. HAYES**
United States District Judge